[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter was tried as a limited contested dissolution of marriage action before the Superior Court in the Hartford judicial district. The parties are each represented by counsel and testified before the court as did several lay witnesses. In addition, the plaintiff presented Dr. Bruce Freedman, a licensed clinical psychologist as an expert witness.
Based upon the evidence submitted, the court makes the following findings.
The parties were married on April 10, 1999 in Windsor, Connecticut. They have are residents of the state of Connecticut and the Court does find jurisdiction. There is one minor child issue of the marriage, Marta Rose Berube-Rivers, born July 19, 1999. The remaining allegations of the complaint are found to have been proven.
The court orders that the marriage of the parties is hereby dissolved.
The following additional facts are found and orders entered:
The history of the marriage between these parties is relatively brief. Mr. Rivers and Ms. Berube dated, moved in together, and eventually Ms. Berube became pregnant. They married shortly before the birth of their child. Both of them have histories of substance abuse. Mr. Rivers' CT Page 10374 history is significantly more serious, and to a large extent his consumption of alcohol contributed to the failure of the marriage as well as a poor start in his relationship with his child.
Financially, the parties have stipulated to the child support amount and the percentage of child care expenses which are appropriate. The stipulation of the parties shall be incorporated in the judgment of this court. There is a dispute as to the tax exemption, and upon review of the factors presented, the court orders that the exemption for the minor child be given to the plaintiff wife. There are no claims as to alimony, and/or division of property. In addition, Mr. Rivers has waived any claim to the real estate known as 62 Oak Street, Windsor Locks, Connecticut which had been the property of Ms. Berube prior to the time of the marriage. The court approves those stipulations as aforesaid, and orders them incorporated in the judgment as to this matter. The court further orders that each party shall maintain possession of whatever retirement benefit is currently listed on their financial affidavit free from any claim by the other party.
The defendant Martin Rivers is ordered to maintain medical insurance for the benefit of the child as is currently provided by him. Medical expenses not covered by insurance, shall be paid in accordance with the child support guidelines.
Essentially the only matter contested in this action is the issue of visitation. The parties have agreed that there should be joint custody of the minor child. Further, they have agreed that the primary residence of that child should be with the plaintiff, Ms. Berube-Rivers. The disagreement is as to whether Mr. Rivers should have overnight visitation.
Ms. Berube-Rivers' objection to overnight visitation is several fold. Primarily, she describes the child as having some discomfort when Mr. Rivers picks her up. In addition, she describes a history of Mr. Rivers acting in a neglectful manner toward the child during the time when they were married. Specifically, Mr. Rivers had a poor understanding of the child's nutritional needs, and was prone to ignoring the child when she cried as an infant.
For his part, Mr. Rivers has not significantly denied his shortcomings. He has admitted his alcohol abuse and seems to have an overall recognition of the effect of that upon his marriage and his early relationship with his child. Mr. Rivers does indicate that he stopped drinking. While he has done that without the aid of professional or therapeutic help, his testimony is uncontroverted. Mr. Rivers attributes some of the difficulty during the exchange of his child to Ms. CT Page 10375 Berube-Rivers' negative attitude toward him, and her protectiveness of their daughter.
The report of Dr. Bruce Freedman has been admitted into evidence, and is supplemented by his testimony. Dr. Freedman met with the parties as well as the minor child on several dates in November and December, 2001. He opines that the plaintiff is the primary parent of the child. That opinion and testimony is not challenged. He also opines that the child would be more likely to turn to the mother for comfort. Again an opinion which is essentially unchallenged. Dr. Freedman points out that the mother is a skilled, intimate and appropriate parent, and again, there is no disagreement. As to Mr. Rivers, it is Dr. Freedman's opinion that his parenting skills are not up to the level of Ms. Berube-Rivers. However, Dr. Freedman notes that the child "seemed very comfortable with him." He further notes that "Mr. Rivers talked well to her, using a gentle, appropriate manner with her, and putting her at ease."
Significant to this issue is the fact that Mr. Rivers at present has had overnight visitation for slightly longer than one year. While initially he was aided in that visitation by his sister, for the majority of that year he has exercised the visitation by himself. A number of lay witnesses reported that the child does enjoy her visitations with her father. There was no evidence to suggest that there had been any incident during these visitations which were harmful, detrimental, or upsetting to the child other than the discomfort at the time of the exchange when Mr. Rivers picks up the child.
Accordingly, the court orders that the present schedule of visitation shall become the permanent order in this file, that is that the defendant father have visitation each other week-end from Saturday at 9:00 A.M. to Sunday at noon, in addition, each Wednesday from 5:30 to 7:00 P.M. In addition, the parties shall alternate holidays with the plaintiff having July 4th, Thanksgiving, Christmas Eve and Easter in even numbered years, and the defendant having Labor Day, Memorial Day, Christmas Day, and Good Friday in even numbered years.
Antonio C. Robaina, J.